IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANTIAGO BLACKMORE,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CASE NUMBER 1:22-cv-23 |
| TOTAL EXPRESS SERVICES, LTD.<br>AND HUMBERTO BARTOLO<br>SANCHEZ,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§ | JURY |

## DEFENDANTS TOTAL EXPRESS SERVICES, LTD. AND HUMBERTO BARTOLO SANCHEZ'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) SUBJECT TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)

PLEASE TAKE NOTICE that Defendants TOTAL EXPRESS SERVICES, LTD. and HUMBERTO BARTOLO SANCHEZ, hereby file this Notice of Removal of Action Under 28 U.S.C. § 1441(a) Subject to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(B)(2) to remove to this Court the state court action described below:

### BACKGROUND

1.  Plaintiff is SANTIAGO BLACKMORE, a citizen of Texas residing in Cameron County, Texas.[1]

2.  Defendant, TOTAL EXPRESS SERVICES, LTD. is incorporated in the State of Illinois and has its primary place of business in Illinois. Defendant HUMBERTO BARTOLO SANCHEZ is a resident of and domiciled in North Carolina.

3.  On or about January 31, 2022 the state action was filed in the 107th Judicial District Court, Cameron County, Texas under Cause No. 2022-DCL-00601; *SANTIAGO BLACKMORE v.*

---
[1] *See* Plaintiff's Original Petition, attached as Exhibit A.

*TOTAL EXPRESS SERVICES, LTD. AND HUMBERTO BARTOLO SANCHEZ.* Defendants TOTAL EXPRESS SERVICES, LTD. and HUMBERTO BARTOLO SANCHEZ, herein after "Defendants," file this Notice of Removal within thirty days of Defendants entering a Special Appearance in Plaintiff's state court proceeding, as required by 28 U.S.C. § 1446 (b).

4. Plaintiff's Original Petition affirmatively asserts that he is seeking damages over $1,000,000.[2] Therefore, Plaintiff is clearly seeking damages in excess of $75,000 as required for this Court to have jurisdiction.[3]

5. Defendants have attached the required state court documents pursuant to 28 U.S.C. § 1446 (a).[4]

6. Along with this Notice of Removal, Defendants are jointly filing a Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2).

7. For purposes of this Removal only, venue is proper in this District, the Southern District of Texas, Brownsville Division, under 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1446 (a) because this District and Division embrace the place where the removed action is pending.[5]

8. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action is pending. Plaintiff and Defendants have each made a demand for trial by jury in the state court action, with Defendants' demand expressly subject to their Special Appearance.

9. There is no named Co-Defendant in this action. Therefore, consent to removal from any other defendant is not required in this proceeding.

---

[2] See Plaintiff's Original Petition, attached as Exhibit A.
[3] See 28 U.S.C. § 1332 and § 1441.
[4] State Court Documents, attached as Exhibit B.
[5] Although Defendants maintain that ultimately venue is not proper in the State of Texas and this matter should be transferred to either Wisconsin, Illinois, or North Carolina where sufficient minimum contacts exist.

**BASIS FOR REMOVAL**

10. The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States."[6] This action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a) because:

   a. It is a civil action between a citizen of a State (Texas) and a corporation (who is both incorporated and has its principal place of business) of Illinois and citizen of a different State (North Carolina); and

   b. It is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.[7]

**A.   Diversity of Citizenship**

11. A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been brought originally in Federal Court.[8] Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[9] Defendant was informed and believes that Plaintiff was at the time of filing this lawsuit, and still is, a citizen of the State of Texas. Defendant TOTAL EXPRESS SERVICES, LTD. is incorporated in Illinois and has its principal place of business in Illinois.[10] Defendant HUMBERTO BARTOLO SANCHEZ is a resident of and domiciled in North Carolina.[11] Therefore, there is complete diversity of citizenship between Plaintiff and Defendants.

**B.   Amount in Controversy**

---

[6] 28 U.S.C. § 1332(a)(1); *see e.g., Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000).
[7] See Plaintiff's Original Petition, attached as Exhibit A.
[8] 28 U.S.C. § 1332(a).
[9] 28 U.S.C. § 1332; *see e.g., Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996) (abrogated on other ground by *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1076 (11th Cir. 2000) (overruling *Tapscott* on the issue of calculating the amount in controversy in class action suits).
[10] *See* Certified Copy of Business Certification in the State of Illinois, attached as Exhibit C.
[11] *See* Driver's License of Humberto Sanchez, attached as Exhibit D.

12. Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest.[12]

13. In *De Aguilar v. Boeing Co.*,[13] the United States Fifth Circuit Court of Appeals held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy exceeds the jurisdictional amount.[14] The *De Aguilar* Court went on to hold that to remand to state court, the plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[15]

14. In determining whether the amount in controversy exceeds $75,000, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive damages.[16] Specifically, the court must consider penalties, statutory damages, and punitive damages in calculating the amount in controversy.[17]

15. As applied here, Defendants can meet their burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the language of Plaintiff's Original Petition.[18] As discussed above, Plaintiff's petition states he seeks monetary relief over $1,000,000.[19] Therefore, the evidence is sufficient for Defendants to meet their burden to prove the amount in controversy removal requirement of $75,000.

---

[12] 28 U.S.C. § 1332(a).
[13] 47 F.3d 1404 (5th Cir.1995).
[14] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.1995).
[15] *Id.*
[16] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–55 (5th Cir. 1998).
[17] *Id.*
[18] *See* Plaintiff's Original Petition, attached as Exhibit A.
[19] *Id.* at Page 1.

## **CONCLUSION**

16. Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[20] Plaintiff is a citizen of the State of Texas. Defendants are not citizens of the State of Texas. Diversity of citizenship is clear from the pleadings and evidence.

WHEREFORE PREMISES CONSIDERED, based on the Petition, evidence and the diverse citizenships of the proper parties, removal of the action to this Court is proper under 28 U.S.C. § 1441(a) (subject, of course, to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(B)2).

Respectfully submitted,

GOLDMAN & PETERSON, PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone:   (210) 340-9800
Facsimile:    (210) 340-9888
*Email:        mail@ljglaw.com
**service by email to this address**

By   /s/Larry J. Goldman
LARRY J. GOLDMAN
"Attorney in Charge"
Federal ID No. 341
State Bar No. 08093450
larry@ljglaw.com
PAIGE A. THOMAS
Federal ID No. 2679062
State Bar No. 24082568
Paige@ljglaw.com

ATTORNEYS FOR DEFENDANTS

---

[20] 28 U.S.C. § 1332(a); *Darden*, 200 F.3d at 755.

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 7th day of March 2022.

***Via E-Service:***
Mr. Javier Villarreal
Mr. Reggie Blakeley
LAW OFFICES OF JAVIER VILLARREAL, PLLC
2401 Wild Flower Drive, Suite A
Brownsville, Texas 78526

                                                */s/Larry J. Goldman*
                                                LARRY J. GOLDMAN
                                                PAIGE A. THOMAS

## **VERIFICATION**

STATE OF TEXAS §
§
COUNTY OF BEXAR §

BEFORE ME, the undersigned Notary Public, on this day personally appeared LARRY J. GOLDMAN, who being by me duly sworn upon his oath, deposed and stated that he is the attorney of record for TOTAL EXPRESS SERVICES, LTD. and HUMBERTO BARTOLO SANCHEZ, Defendants in the above entitled and numbered cause; that he has read the above NOTICE OF REMOVAL, and that the allegations contained therein are within his personal knowledge and are true and correct.

_____
LARRY J. GOLDMAN, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 7th day of March 2022, to certify which witness my hand and official seal.

LISA CHAPA
NOTARY PUBLIC, STATE OF TEXAS
MY COMM. EXP. 11/14/2025
NOTARY ID 10878313-3

_____
NOTARY PUBLIC
IN AND FOR THE STATE OF TEXAS